## 14036. VALDOSTA STREET RAILWAY COMPANY *v.* McDONALD.

It appearing from the plaintiff's petition that he knew of the defective condition of the rope which he alleged he was using when, by reason of its not being properly spliced, it broke and caused him to fall and receive the injuries for which he was suing, and that its use in that condition in the manner in which it was then being used was obviously dangerous, the court erred in not sustaining the general demurrer to the petition. The plaintiff had no right to rely upon the assurance of a coemployee (not an alter ego of his employer) that the rope was stronger at the point at which it was spliced than it was elsewhere.

DECIDED MARCH 7, 1923.

Action for damages; from city court of Valdosta — Judge Little. October 2, 1922.

*Whitaker & Dukes,* for plaintiff in error.

*F. S. Harrell,* contra.

LUKE, J. The plaintiff's petition alleges, in substance, that the defendant street-railway company owns and operates a line of railway for the purpose of transporting passengers for hire; that the plaintiff was employed by the defendant for the purpose of assisting other employees in putting up and connecting overhead trolly-wires; that while he was engaged in such service a rope used for pulling and stretching the wires broke, and by reason of the breaking of the rope he was thrown to the ground and received injuries described; that the breaking of the rope was caused by negligence of the defendant's agents in not properly splicing it at the point where the creaking occurred; that before the breaking the plaintiff directed the attention of his coemployee, who had been in the service of the company for some time (the plaintiff having been in the service but a short time), to the weak point in the rope at the place where it had been put together by plaiting and twisting, and his coemployee assured him that the rope was

stronger at the point where it had been spliced than it was elsewhere; and by this assurance the plaintiff was lulled into a sense of security. The petition states how the rope should have been spliced so as to have made it safe for use. There was a prayer for damages. The defendant demurred upon the ground that the facts alleged in the petition show that the condition of the rope which broke and occasioned the injury was obvious and apparent to the plaintiff; and that the plaintiff knew of the defects and assumed the risk incident to his employment by the use thereof. The trial court overruled the demurrer.

The court erred in not sustaining the general demurrer to the petition. The petition clearly shows that the plaintiff had knowledge of the defect in the rope, and that its use was obviously dangerous to him, and, rather than depend upon his own observance, he depended upon the statement of a coemployee, not the alter ego, of the company, and in the face of this apparent and obvious danger used the rope, and was (as he must have known he would be) injured. See *Dunbar* v. *Hines,* 152 *Ga.* 865 (11 S. E. 396).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*